[Filed June 21, 1892.]

JAY GUY LEWIS v. GEORGE HENDERSON ET AL.

VENDOR'S LIEN — SUBSEQUENT INCUMBRANCERS — NOTICE.—Whether vendors' liens exist in this state or not, they cannot affect subsequent claimants or incumbrancers of the property who have no notice of the lien.

Union county: JAMES A. FEE, Judge.

Plaintiff appeals. Affirmed.

*B. F. Wilson,* for appellant.

*Frank L. Moore,* for respondent.

LORD, J.—This is a suit brought by the appellant to establish and foreclose a vendor's lien, the lien claimed being for the balance of the purchase price of quartz mining property sold and conveyed by the appellant and his wife to the defendant George Henderson by deed, dated on the twenty-third day of November, 1889, and which was mortgaged by said defendant George Henderson to defendants C. W. James and the Baker City National Bank by two mortgage deeds, dated on the twenty-third day of

April, 1890, and the twenty-ninth day of January, 1891, respectively. The complaint alleges the execution and delivery of the deed to the mining property therein described to the defendant Henderson for the consideration of two thousand dollars, and that the sum of five hundred dollars is due and owing from the defendant Henderson to the plaintiff as a balance of the purchase price, etc. The defendant Henderson denies all the allegations of the complaint, and sets up by way of counter-claim certain matters to which it is not necessary to further advert.

The answer of the defendants Baker City National Bank and C. W. James alleges that neither the Baker City National Bank, nor any of its officers, nor C. W. James, had any knowledge or notice of a vendor's lien, or any lien whatever, existing against the mining property described, at the time of the advance of money to the defendant Henderson, or at the time of the execution and delivery of the deed, or that any portion of the purchase price remained unpaid; that the defendant Henderson was in possession of the property, claiming to be the owner in fee simple, and that the appellant and his wife executed and delivered to the defendant Henderson the deed for the property named, duly acknowledged and certified, which was duly recorded, etc.; that the defendant Baker City National Bank, by C. W. James, its cashier, relying upon the genuineness of the deed, and the statements of the defendant Henderson, that the property was free from all incumbrances whatsoever, lent and advanced to the defendant Henderson, on divers dates, the amounts alleged, etc., and that to secure the payment of the same, etc., he so made and executed a deed to said Baker City National Bank to certain mining property described in the complaint, and that said deeds were intended as mortgages, etc.

The reply puts in issue all the material allegations set up in the answer. The cause was referred to a referee, who reported the facts and his conclusions of law adversely to

the plaintiff, which were sustained by the court below. As the whole record is before us, and as cases in equity are tried *de novo*, we shall decide this case upon its merits, without regard to technical objections. Nor do we deem it necessary to set out the evidence upon which our conclusions are founded. For the purposes of the case, we shall assume that the doctrine of a vendor's lien prevails in this state, although the question of its existence has not been definitely settled. The plaintiff is only questioning the correctness of the decree as to the defendant the Baker City National Bank, and to it the appeal must be confined. No other part of the decree is involved, and no other parties are raising objections. The record discloses that there was some testimony tending to prove that the plaintiff released the defendant Henderson from the payment of the balance of the purchase price on the mining property involved, and that the lien he now seeks to establish and foreclose was released and waived before the business transactions which took place between the defendant Henderson and the defendant the Baker City National Bank, had occurred. When the situation of the parties is considered, the pleadings and the conduct of the plaintiff in reference thereto, and the answers of the plaintiff respecting the release, the conclusion is almost irresistible, that if the plaintiff ever had a lien, he released and waived it. But in addition to this, the testimony shows that while the defendant was in possession of the property by virtue of a deed from the plaintiff and wife, which was duly recorded, the financial transactions occurred, and the instruments already referred to were executed to secure the payment of the same. The record disclosed no incumbrances against the property, and the uncontradicted testimony shows that at the times of lending the money to the defendant Henderson the officers of the bank had no knowledge of any incumbrances upon the property, or any notice directly or indirectly at the time of taking the security upon it, of the existence or

claim of any lien for the balance of the purchase price. When the defendant Henderson offered the property as security for the money advanced, and the inquiry was made by the bank officers as to any incumbrances upon it, he represented that there were none; and he assigns as his reason for doing so that Mr. Lewis had released him from any liability upon the property. In a word, that he considered that he had been released when the plaintiff accepted the written engagement of another in lieu of his obligation to pay the balance of the purchase money on the property. There is no pretense of any fraud. The money was loaned by the bank without notice, and in good faith. The defendant Henderson was seized in fee and in possession of the land at the time he procured the loan.

In view of these facts, we do not think that the appellant had any vendor's lien,—assuming such a lien may exist in this state,—as against the defendant the Baker City National Bank, and therefore the decree must be affirmed, except that it be made to conform to the description of the property as set forth in exhibit B of defendant's answer.