# Solomon's Heirs *v.* Solomon's Adm'r *et al.*

*Bill in Equity to have Vendor's Lien declared and for Re-sale of Land for Purchase-Money.*

1. *Staleness of demand, presumption of payment from lapse of time.* When a decedent's lands have been sold under a probate decree on the application of the administrator, who became himself the purchaser at the sale, and it was confirmed by the court; a bill in equity by the heirs, filed after the lapse of twenty years from the time the purchase-money became due from the administrator, against sub-purchasers from the administrator, is demurrable on the ground of staleness, and because of the presumption of payment arising from the lapse of time.

2. *Same; must be pleaded.*—The defense of staleness of the complainant's demand, or the presumption of payment arising from the lapse of time, may be taken by demurrer, when shown by the facts stated in the bill; but it is matter for defense, and must be claimed; and, therefore, where there are several defendants, some of whom make no defense, it is error to dismiss the bill as to all, on demurrer by a part of them only.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed Aug. 25, 1885, by the heirs of S. L. Solomon, deceased, against R. A. Solomon, individually, and as administrator of the estate of said decedent, and others, as sub-purchasers from said R. A. Solomon, of certain lands of said estate, described in the bill and alleged to have been bought by said Solomon at his own sale as such administrator, Nov. 9, 1859.

The bill alleged that said R. A. Solomon made but one annual settlement, and that was on Aug. 31, 1869 ; that prior and up to said settlement, he had never made any report of the payment of the purchase-money of said land ; nor in any manner charged himself therewith ; but that in September, 1875, he reported the payment of the purchase-money for one of the tracts of said land, and "that this was the only act done or intimation made, indicating that any part of the purchase-money of any of said land had ever been paid," and that no part of the amount so reported as paid, had in fact been paid.   The first of the sub-purchases from R. A. Solomon is alleged to have been made in 1866 and the last in 1879.   The other material allegations of the bill are set forth in the opinion.   The case went off on demurrer, as stated in the opinion.

[Solomon's Heirs v. Solomon's Adm'r, et al.]

CASSADY & BLACKWELL, and J. A. CORBITT, for appellant.
1. Demurrer was not the proper remedy. —*Shorter et al. v.
South et al.*, 56 Ala. 208; *Lucas v. Daniels*, 34 *ib.* 188. 2.
From the grant of letters of administration to the final de-
cree on final settlement, the administration is *in fieri*, with
all the responsibility thereof resting in full force upon the
administrator, unless twenty years intervene in which he in
no way admits the trust, or that period elapses from a de-
nial of the trust.— *Whetstone v. Whetstone*, 15 Ala. 495; *Mc-
Carthy v. McCarthy*, 74 *ib.* 546; *Holt v. Wilson*, 75 *ib.* 58;
*Blackwell v. Blackwell*, 33 *ib.* 57. 3. The sub-purchasers only
bought the title of R. A. Solomon, are charged with notice
of all defects in that title and hold in subordination to the
legal title and not adversely to appellants.— *Knight v. Blan-
ton*, 51 Ala. 333; *Wallace v. Nichols*, 56 *ib.* 321; *Morgan v.
Casey*, 73 *ib.* 222; *Creagh v. Ketchum*, 53 *ib.* 224; *Bizzell v.
Nix*, 60 *ib.* 281; *Relf v. Relf*, 34 *ib.* 500; *Driver v. Hudspeth*,
16 *ib.* 348; *Potts v. Coleman*, 67 *ib.* 221; *Tayloe v. Dugger*, 66
*ib.* 444. 4. The appellants had the right to recover against
those who did not defend; hence the court below erred in
dismissing the bill as to them.

OATS & COWAN, and G. L. COMER, *contra.*—The bill seeks
to hold R. A. Solomon responsible in his individual ca-
pacity. All the purchase-money was due Nov. 9, 1862.
The bill was filed Aug. 25, 1885, more than twenty years
after the purchase-money became due. The presumption
then arises, that the demand has been discharged, unless it
is repelled by some act or acknowledgment inconsistent with
this presumption. The annual settlement of 1869 is an ac-
knowledgment only of an unfinished administration. The
decree dismissing the bill as to all the defendants, when
demurrers were filed only by a part of them, was not erro-
neous. A bill which, on its face shows, that it is wanting in
equity, can be dismissed without objection raised by demur-
rer, plea or answer.— *Espy v. Comer*, 76 Ala. 501; *James v.
James*, 55 *ib.* 525; *Flewellen v. Crane*, 58 *ib.* 627; *Abraham
v. Hall*, 59 *ib.* 386; *Leslie v. Richardson*, 60 *ib.* 563; *Herbert
& Kyle v. Hobbs & Fennell*, 3 Stew. 9; *Moore v. Dial*, 3 *ib.* 155.

STONE, C. J.—The bill avers that R. A. Solomon, admin-
istrator of S. L. Solomon, under an order of court therefor,
in all respects regular, sold real estate of his intestate on
November 9, 1859, on a credit of one, two, and three years,
and himself became the purchaser of several parcels which
the bill describes. The bill further avers that the sale was
reported to the Probate Court and confirmed. It is then

averred that each of said parcels of land is in the possession of a sub-purchaser from R. A. Solomon, giving the names of the sub-purchasers, and describing the parcels purchased and held by each. R. A. Solomon and his sureties are, each, averred to be insolvent; and the bill charges that the purchase-money is wholly unpaid. The heirs of S. L. Solomon are complainants, and the purpose and prayer of the bill are to have the lands sold, each tract for its respective purchase-money. R. A Solomon and the sub-purchasers are made defendants. The last installment of R. A. Solomon's purchase matured November 9, 1862. The present bill was filed August 25, 1885, twenty-two years and nine months afterwards. The bill contains no averment of any act or admission of R. A. Solomon, recognizing the continued existence or binding obligation of his promise to pay for the land.

Several of the sub-purchasers filed demurrers to the bill, on the ground of staleness and the presumption of payment the law raises at the end of twenty years. The chancellor sustained the demurrers; and the complainants declining to amend, the ruling was made absolute. The chancellor did not err in this ruling.—*Rhodes v. Turner*, 21 Ala. 210; *McAuthur v. Carrie*, 32 Ala. 75; *Austin v. Jordan*, 35 Ala. 642; *Goodwyn v. Baldwin*, 59 Ala. 127; *Phillippi v. Phillippi*, 61 Ala. 41; *Garrett v. Garrett*, 69 Ala. 429; *Walker v. Crawford*, 70 Ala. 567; *Worley v. High*, 40 Ala. 171; *Blackwell v. Blackwell*, 33 Ala. 57.

The present case went off in the court below on the demurrer of a part, less than the whole of the defendants. The defendants, R. A. Solomon, W. C. Kooner, and P. M. Thomas were material parties, against whom relief was prayed. They neither answered, pleaded nor demurred, nor was any motion made by or for them. The last two, Kooner and Thomas, are alleged to be in possession of parts of the land as sub-purchasers. They have made no defense in any form. Now, while the defense of staleness may be made by demurrer, when the facts out of which it springs appear on the face of the bill, (Sto. Eq. Pl. §§ 484, 503, 751), still it is defensive and must be claimed.—1 Brick. Dig. 699, § 859; *Maury v. Mason*, 8 Port. 211.

The chancellor erred in dismissing the entire bill. It should have been retained as to the parties who have offered no defense. This will include Josephine Mizelle, who, though made a defendant, is aligned in interest with the complainants. Let the costs of appeal be paid by R. A. Solomon, W. C. Kooner, and P. M. Thomas.

Reversed and remanded.