[Filed January 21, 1891.]

## C. C. BEEKMAN *v.* JAMES HAMLIN.

JUDGMENT—BURDEN OF PROOF.—A judgment upon which no execution has been issued for twenty years, in the absence of explanatory facts or evidence, is presumed to be paid. The burden of proof is on the judgment creditor.

DEMURRER—HOW TO AVOID.—To avoid objection by demurrer, the plaintiff must allege in his complaint the facts and circumstances on which he relies to rebut such presumption.

Jackson county: R. S. BEAN, Judge.

Defendant appeals. Reversed.

The principal opinion in this case is reported in 19 Oregon, 383.

*Francis Fitch,* for Appellant.

*H. K. Hanna, C. W. Kahler,* and *P. P. Prim,* for Respondent.

On rehearing.

LORD, J.—A re-examination has satisfied us that the case was properly disposed of in the first instance. We are only led to express ourselves further in consequence of a misapprehension that it was intended in the opinion to limit the rebutting evidence to some positive act of unequivocal recognition on the part of the defendant within the period of twenty years. The rule of common law that after twenty years, payment of a bond or judgment will be presumed in the absence of evidence explaining the delay, although there is no statutory bar, is founded on the "rational ground that a person naturally desires to possess and enjoy his own, and that an unexplained neglect to enforce an alleged right for a long period casts suspicion upon the existence of the right itself." (*Bean* v. *Tonnele,* 94 N. Y. 386, 46 Am. Rep. 153.) The effect of the presumption of payment arising from lapse of time is to change the burden of proof from the debtor to the creditor. Within twenty years the law presumes that the debt has remained unpaid, and the burden is on the debtor to prove payment; but after twenty years, "the creditor is bound to show by something more than his bond that the debt has not been paid, and this he may do because the presumption raises only a *prima facie* case against him." (*Reed* v. *Reed,*

46 Pa. St. 242.)   But the *onus* of proof upon the creditor is not to establish a new contract or promise, as when a debt is barred by the statute of limitations, but to show by competent evidence that the debt or judgment has not been paid.   The distinction which the law raises between the presumption of payment after the lapse of twenty years and the bar interposed by the statute of limitations, is in its nature essentially different.   " The bar is removed," said STRONG, J., " by nothing less than a new promise to pay or an acknowledgment consistent with such promise.   The presumption is rebutted, or to speak more accurately, does not arise where there is affirmative proof beyond that furnished by the specialty itself that the debt has not been paid, or where there are circumstances that sufficiently account for the delay of the creditor.   The statutory bar is not removed without a new promise or its equivalent, because suit on the old contract is prohibited, and the debtor can only be liable, therefore, on the contract expressly made by the new promise, or implied from an acknowledgment of continued indebtedness, the old debt being the consideration for the new engagement."   (*Reed* v. *Reed, supra; Bentley's Appeal,* 99 Pa. St. 500.)   *Prima facie,* the presumption annuls the judgment, but it can have no application, " if it can be made to appear that the plaintiff has used diligence to enforce the judgment, or that the defendant has paid interest or otherwise acknowledged the debt."   (*Burt* v. *Casey,* 10 Ga. 178.)   CLARK, J., said that the presumption " may be rebutted by circumstances, by evidence tending to show non-payment of the debt, or sufficiently accounting for the delay of the creditor, or showing a continued course of legal proceedings, conducted *bona fide* to compel payment.   (*Van Loon* v. *Smith,* 103 Pa. St. 238.)   And KENNEDY, J., said: "Being merely a presumption of the defendant's having made payment, it may be rebutted by proof of intervening circumstances such as demand of payment, payment of a part by the obligor, his admission that the debt is still due, or his inability to pay it within the twenty years."   (*Tilgh-*

*man* v. *Fisher*, 9 Watts, 442.)   And again, in *Gregory* v. *Com.* 121 Pa. St. 622, 6 Am. St. Rep. 804, it is said: "It is not required that the same precision and particularity of proof shall in all respects be observed as has been required to remove the bar of the statute of limitations; but as the presumption of payment after twenty years is a strong one, the evidence to rebut it must be satisfactory and convincing; especially is this so when the suit is not brought until after the defendant's death." In *Walker* v. *Robinson*, 136 Mass. 282, the court says: "We are of the opinion that any legal evidence having a tendency to ·show that the judgment has not been paid or satisfied is competent, and that if the evidence furnished is such as to produce conviction that the judgment has not in fact been paid or satisfied, it is sufficient to rebut the presumption." (*Woods* v. *N. S. C. Co.* 134 Mass. 357, 45 Am. Rep. 344; *Brewer* v. *Thomes*, 28 Me. 81; *Denny* v. *Eddy*, 22 Pick. 533.) All the cases hold that the presumption is rebuttable, and that the plaintiff may do this by showing what diligence he has used to enforce his judgment, or admissions of the defendant, or other circumstances, such as insolvency, or that the debtor was beyond the sea, or other evidence which satisfactorily accounts for his delay.   Or, as Mr. Greenleaf says: "But in all these cases the presumption of payment may be repelled by any evidence of the situation of the parties or other circumstances tending to satisfy the jury that the debt is still due." (Greenleaf on Ev. § 39; Freeman on Judgments, § 464; Wharton Law of Ev. § 1364; 13 Am. & Eng. Ency. 673.)

But a presumption of payment from lapse of time may be raised by demurrer when shown by the facts stated in the complaint, as was done in *Olden* v. *Hubbard*, 34 N. J. Eq. 85. And to repel such presumption, any existing circumstances which would have that effect should be alleged.   In *Solomon* v. *Solomon*, 81 Ala. 507, it was held that the presumption of payment arising from the lapse of time may be taken by demurrer when shown by the facts stated, but that it is a matter of defense and must be claimed, the court saying:

"While the defense of staleness may be made by demurrer when the facts out of which it springs appear on the face of the bill (Story's Eq. Pl. §§ 404, 503, 751), still it is defensive and must be claimed." (*Maury* v. *Mason*, 8 Port. 211; *Solomon* v. *Solomon*, 83 Ala. 395.) Taking the objections by demurrer is in analogy to the rule applied to the statute of limitations, as indicated in *Olden* v. *Hubbard, supra,* so that to avoid the presumption and render the complaint invulnerable to a demurrer, the plaintiff is required to allege in his complaint the facts and circumstances on which he relies to rebut such presumption.

We see no reason to change the original direction made in this case.

BEAN, J., having presided at the trial of this case below, did not sit here.