Argued November 3, 1892; decided December 26, 1892; re-argued July 6, 1893; affirmed July 17, 1893.

## C. C. BEEKMAN *v.* JAMES HAMLIN.

[S. C. 31 Pac. Rep. 707.]

1. DORMANT JUDGMENT—EVIDENCE.—Where the question is as to a person's solvency during a certain period, it is competent to introduce the assessment rolls for the purpose of showing that the insolvent was, or was not, reputed to own property. The rolls are not to establish title, but are simply a circumstance to be considered.

2. DORMANT JUDGMENT—PRESUMPTION OF PAYMENT—CODE, ? 295.—On a motion for leave to issue execution on a dormant judgment under Hill's Code, ? 295, the presumption of payment arising from the lapse of twenty years, may be rebutted by any evidence of the situation of the parties, or other circumstances tending to satisfy the jury that the debt is still due; and the evidence of the plaintiff, if uncontradicted and entitled to full credit, is sufficient to establish that fact.

3. MOTION FOR NEW TRIAL—APPEALABLE ORDER.—It is the settled law in Oregon that no appeal can be taken from an order granting or refusing a new trial. *Kearney* v. *Snodgrass*, 12 Or. 311 (7 Pac. Rep. 309); *Fisk* v. *Henarie*, 15 Or. 89 (13 Pac. Rep. 760), followed.

Jackson County: LIONEL R. WEBSTER, Judge.

This is a proceeding under section 295, Hill's Code, for leave to issue execution on a dormant judgment, and was commenced in 1889. On the first trial the court di-

rected a verdict for the plaintiff, and defendant appealed.
The two opinions reversing that ruling are reported in
19 Or. 383 (24 Pac. Rep. 195), and 20 Or. 352 (25 Pac.
Rep. 672). On a second trial judgment went for the de-
fendant, and plaintiff appeals. Reversed.

*Edw. B. & Jas. F. Watson, P. P. Prim & Son,* and *C.
W. Kahler,* for Appellant.

*Francis Fitch,* and *W. W. Cardwell,* for Respondent.

LORD, C. J.—1. It is first objected that the admission[*]
of the assessment rolls of Jackson County for the years
of 1873 to 1880 was error. The ground of the objection
is, that the property, real and personal, described in such
rolls is not even *prima facie* evidence that the person
named in them is in fact the owner of such property, as
against the plaintiff; and that if this is so, the assessment
rolls received in evidence were not competent to prove
that the defendant was solvent during the period covered
by them, as that would depend on the defendant's owner-
ship of the property described in them.

The record discloses that among the excuses, or rea-
sons, pleaded by the plaintiff for allowing so long a
period as twenty-six years to elapse before he made any
effort to enforce the judgment he had recovered against
the defendant, was that the defendant had no property
during that time subject to execution, and that he was
unable to pay his debts, or was insolvent; so that if he had
issued execution, it would have proved unaviling, besides
involving additional costs. To account for his delay, and
explain the reason of it, the plaintiff sought to show that
during the intervening period the defendant was unable
to pay his debts, or was not solvent; and as a circum-
stance tending to show it, and rebut the presumption of
payment, he offered in evidence the assessment rolls for
1871 and 1872, as showing that he had no assessable prop-
erty during those years. To counteract the effect of this
evidence, and to show that the explanation of the plaintiff

for his delay in not enforcing the judgment sooner, was
not sustained by the kind of proof he had introduced,
and the court had admitted, the defendant offered in evi-
dence the assessment rolls from 1873 to 1880, as showing
that he had assessable property during those years, and
that such property, real and personal, was so assessed to
him as the reputed owner of it. For this purpose, the
court admitted the evidence, not as establishing the de-
fendant's title to the property described in such assess-
ment rolls, or any question of disputed ownership in
regard to such property, for there was no such issue in-
volved. The object of the evidence was to show that the
inference of insolvency, which the plaintiff sought to
raise in explanation of his delay to enforce the judgment,
so as to rebut the presumption of its payment, was not
well taken, as the same kind of proof during other years,
within the intervening period, proved otherwise. Under
the circumstances disclosed by this record and restricted
to this purpose, we think the evidence was competent and
admissible.

2. It is next objected that the court erred in refusing
to give the following instruction: "One of the principal
allegations which it is necessary for the plaintiff to estab-
lish in this case is, that the judgment has not been paid.
The evidence of the plaintiff, if entitled to full credit and
uncontradicted, is sufficient to establish that fact." In
order to understand the object of this instruction, and
whether or not it ought to have been given, it is neces-
sary to examine the instructions given. The court, after
making some comments, instructed the jury that "more
than twenty years have elapsed since the judgment in
controversy was rendered, and no execution has ever
been issued upon it. For that reason, the law presumes
that the judgment has been paid. The burden of proof
is on the plaintiff Beekman, to show that it has not been
paid, and this he must show by a preponderance of the
evidence. This presumption may be overcome by any
competent evidence which convinces the jury, by a pre-

ponderance of the evidence, that the judgment has not
been paid.   The court instructs you that the presumption
of payment, after the lapse of twenty years, is one which
must be considered by you as a fact in evidence showing
payment of the judgment; and unless this presumption
is rebutted by satisfactory and convincing evidence, you
must find a verdict for the defendant."

It will be observed that the presumption of payment,
after the lapse of twenty years, to be considered by the jury
as a fact showing payment of the judgment, was accorded
its full weight, and was made decisive of the case in favor
of the defendant unless rebutted by satisfactory and con-
vincing evidence.   The object of the instruction asked
was to explain and define more fully the nature of the
satisfactory and convincing evidence required to rebut
such presumption.   In this particular, the contention was
that if there was positive proof of the non-payment of the
judgment, it rebutted or overcame the presumption of its
payment from mere lapse of time, or twenty years, if the
evidence of the plaintiff, in the judgment of the jury, was
entitled to full credit and uncontradicted.   The necessity
for this, it is claimed, is further shown by a consideration
of another instruction, in which the court undertakes to
specify the kind of evidence required, and practically ex-
cludes the positive testimony of the plaintiff that the
judgment has never been paid.   This instruction is as
follows:   "The court instructs you that the presumption
of payment after twenty years may be rebutted by a pre-
ponderance of testimony showing that the plaintiff had
used diligence to enforce his judgment, or that the
defendant was insolvent for twenty years prior to the
nineteenth of March, 1889, when this action was com-
menced, or other circumstances of the situation of the
parties which tend to excuse the plaintiff for non-issuance
of execution within said period of twenty years."

In respect to this instruction, the plaintiff requested
the court to instruct the jury that "the presumption of
payment may be repelled by any evidence of the situation

of the parties. or other circumstances tending to satisfy
the jury that the debt is still due," which was refused by
the court, and the plaintiff excepted.    As the instruction
given by the court specified the particular kinds of evi-
dence which might be considered as rebutting the pre-
sumption of payment, the object of the instruction asked
was to enlarge the scope of the instruction given, by ex-
tending it to proof of all facts properly bearing on the
condition or situation of the parties, or other circum-
stances tending to satisfy the jury that the debt is still
due.    In *Granthan* v. *Canaan*, 38 N. H. 268, it was held
that the presumption of payment may be rebutted and
overcome by proof of any facts and circumstances, the
legitimate tendency of which is to render it more prob-
able than otherwise that payment has not in fact been
made.    Mr. Greenleaf says:   "In all these cases, the
presumption of payment may be repelled by any evidence
of the situation of the parties, or other circumstances
tending to satisfy the jury that the debt is still due":
Greenleaf, Ev. § 39; Freeman, Judg. § 464.    As the court
undertook to specify the kinds of proof that would be
sufficient to rebut the presumption of payment, the plain-
tiff sought by the instruction asked to broaden the in-
struction given to the full intent of the law, and cover all
possible phases of the case.    There is no doubt that the
particular evidence specified in the instruction given was
competent for the purpose of rebutting the presumption
of payment, but nevertheless it was not absolutely indis-
pensable to the plaintiff's recovery that he had "used
diligence" or had any "excuse" for not doing so, if he
could prove by competent evidence that the judgment
had not in fact been paid.

In reference to the instructions asked, as related to
those given, the case stood in this wise: The contention
of the plaintiff was that the presumption of payment
arising from mere lapse of time had only the effect to
make out a *prima facie* case of payment, thereby changing
the burden of proof; that the positive evidence of the

plaintiff, if entitled to full credit and uncontradicted, would overcome the *prima facie* case thus made, or have the effect to rebut such presumption. Hence, as applied to the first instruction given, he sought to have the instruction asked included among the "satisfactory and convincing" evidence required to rebut the presumption from mere lapse of time. The next instruction given, while it enumerated several kinds of proof that were regarded as competent evidence to rebut the presumption of payment, omitted some others upon which there was evidence; and the plaintiff, in order to make the instruction given broad enough to cover the case and conform to the law, as he claimed it, sought to have the instruction asked incorporated in it, which the court refused to do. The circumstances disclosed by the record, taken in connection with the other instructions asked and refused in view of its object, rendered it necessary that such instructions should have been given to prevent the jury from being misled as to the vital issue in the case to be determined by them.

3. It is next objected that the court erred in refusing to direct the jury to find special verdicts on certain issues, as requested by the plaintiff. It is conceded that, ordinarily, such direction is a matter of discretion with the court; but it is claimed that under the peculiar circumstances of the case, as shown by the record, this refusal was an abuse of discretion. The contention is, that the vital issue in relation to the presumption of payment had not been clearly pointed out to the jury in the instructions of the court, but that it was confused and obscured by the charge. So far as the instructions went, they were clear; it was only in respect to the points already noticed that any danger lay from misconstruction by the jury. This contention is based on the ground that the testimony of plaintiff and defendant shows that the judgment had never been paid, and that it was simply impossible for the jury to find that it had, if the issue had been clearly presented to them. It is enough to say

that it is sought to bring this evidence before us on the refusal of the court to grant a motion for a new trial. This cannot be done.   No exception can be taken to an order on a motion for a new trial, nor can such order be considered on appeal: *Kearney* v. *Snodgrass*, 12 Or. 311 (7 Pac. Rep. 309); *Fisk* v. *Henaire*, 15 Or. 89 (13 Pac. Rep. 760); *State* v. *Clemments*, 15 Or. 238 (14 Pac. Rep. 410); *McBride* v. *N. P. R. R. Co.* 19 Or. 64 (23 Pac. Rep. 814), approved and followed.

This disposes of the error assigned as to the point under consideration, as well as the error alleged in overruling the motion of the plaintiff for a new trial.

In this connection, we may also add that the bill of exceptions is not in conformity with the law and the decisions of this court: *Hamilton* v. *Gordon*, 22 Or. 561 (20 Pac. Rep. 495); *Fisher* v. *Railroad Co.* 22 Or. 548 (30 Pac. Rep. 425).

It results from the foregoing that the judgment must be reversed and a new trial ordered.

---

[Argued Dec. 1, 1892; decided Dec. 26, 1892; rehearing denied Mar. 2, 1893.]