Argued September 19, affirmed October 2, 1934

SEECK *v.* CITY OF LEBANON ET AL.

(36 P. (2d) 334)

*Mark V. Weatherford,* of Albany (Weatherford & Wyatt, of Albany, on the brief), for appellant.

*F. D. Mayer,* of Lebanon (M. D. Shanks, of Lebanon, on the brief), for respondents.

CAMPBELL, J.  This is a suit to restrain the City of Lebanon from collecting or attempting to collect an assessment against plaintiff's property for the payment of the improvement of Grant street in said city.

It is admitted that Grant street was improved by being paved in the year 1913 in conformity with the manner provided in the city charter of defendant, and that plaintiff's property was liable for its proportionate share of the cost of said improvement, and that assessment therefor was docketed in the Docket of City Liens and that plaintiff availed himself of the benefit of the provisions of the so-called Bancroft Bonding Act (Oregon Code 1930, § 56-2001, *et seq.*), thereby waving irregularities that may have been in the proceedings leading up to the improvement and the assessment therefor.

The pleadings are somewhat lengthy, but in the final analysis the only question involved is: Does the special statute of limitations in the charter of the City of Lebanon prevent the city from now enforcing the collection of these assessments? The circuit court found in favor of defendant on the pleadings and dismissed the suit. Plaintiff appeals.

It is admitted that the total assessment against plaintiff's property for said improvement was the sum of $440.46 and that the only installment paid was the one maturing in the year 1914; that on January 20, 1920, plaintiff paid $134.09 on the interest accrued to November 12, 1919; that the balance of the installments and accrued interest has not been paid and is overdue.

The charter of the City of Lebanon was filed with the librarian of the supreme court library in conformity with Oregon Code 1930, § 56-501.

■ The general statute of limitation does not run against the city: Oregon Code 1930, § 1-211.

The city charter provides for entry, in the Docket of City Liens, of all assessments against each particular parcel of real estate subject to assessment for any specific improvement: City Charter, § 229. There-

after notice shall be given of such lien to the owner of the property: Id., § 231. If the owner fails to make payment of the assessment or fails to make application to pay in installments under the Bancroft Act, within ten days from the date of mailing the notice, such assessment shall be delinquent: Id., § 233. After thirty days from the date of the delinquency, the treasurer of the city shall, upon demand and payment of the assessment, issue a certificate of delinquency against such property: Id., § 236. Proceedings to foreclose a certificate of delinquency must be commenced "within two years of the date of original delinquency and not afterwards": Id., § 241. If any property remain on the docket of city liens for more than six months without a certificate of delinquency being issued the treasurer shall issue a certificate of delinquency on said property to the City of Lebanon and the city attorney shall thereupon proceed to foreclose such certificate: Id., § 243.

The city charter does not provide for the issuance of a certificate of delinquency for any installment under the Bancroft Bonding Act.

The law of the State of Oregon (Oregon Code 1930, § 56-2001, *et seq.*), in respect to the payment of assessments of street improvements in installments, "shall apply to and be in full force in the City of Lebanon hereby incorporated as fully and completely as though said acts and laws were incorporated at length in this charter, * * *": Id., § 248.

When the owner of property assessed for street improvements applies for the privilege of paying such assessments in installments, he waives all irregularities in proceedings leading up to the improvement and assessment and agrees to pay the amount of the assessment and interest: Oregon Code 1930, § 52-2001. Such owner is then permitted to pay such assessment and

interest in ten equal, annual installments, the first installment to be due one year from the date of the assessment and one such installment each year thereafter.

"Should such owner or owners neglect or refuse to pay the sum or sums aforesaid as the same shall become due and payable for a period of one year, then the council * * * of the city * * * may, by reason of such neglect or refusal to pay the sum or sums aforesaid and while the said neglect and refusal to pay said sums continues, pass a resolution giving the name of the owner or owners then in default in the payment of the sums due, either principal or interest, together with a description of the property upon which the sums are owing, declare the whole sum, both principal and interest, due and payable at once and shall have the power and authority to proceed at once to collect all unpaid installments and to enforce collection thereof, with all penalties added thereto, in the same manner in which delinquent street and sewer assessments are collected, pursuant to the terms of the charter of such city or town. * * *" Oregon Code 1930, § 56-2005.

■■ Granting for the sake of the argument, that § 241 of the city charter, above quoted, in regard to the limitation of the foreclosure of certificates, applies to the collection of delinquent installment assessments, yet the charter does not provide for the issuance of delinquent certificates for failure to pay such installments of assessments but does adopt the state law as part of the charter. Under § 56-2005, Oregon Code 1930, above quoted, before any steps may be taken to enforce collection of a delinquent installment of assessment where the owner of the property took the benefit of the Bancroft Bonding Act, the city council must first pass a resolution giving the name of the owner in default and the sums due and the description of the property and shall thereafter have the power to proceed at once

to collect the unpaid installment and enforce the collection in the same manner that delinquent assessments are collected under the charter. The plaintiff does not allege either in his complaint or in his reply, nor does it appear in the answer, that the city council did pass such a resolution, consequently there was no time for the special statute of limitations (§ 241, supra) to commence to run, and the attempt of the city to enforce collection was not barred. The city by its charter having adopted the state law and its method of collection, it would be entitled to any additional method granted by the legislature.

The legislature at its session of 1931 amended sections 56-2201, 56-2202, 56-2203, 56-2204, 56-2205, 56-2206, 56-2207, 56-2209 and 56-2210, Oregon Code 1930, and provided a method "in addition to the method now provided by law, ordinance or the charter of any incorporated city or any amendment thereto hereafter adopted by any incorporated city for the sale of real property, for delinquent liens or assessments, * * *" Oregon Laws, 1931, Chap. 282.

The collection of the assessments not being barred, the above provision of said chapter 282 is available to the defendant as a means of collecting said assessments.

The decree of the lower court will be affirmed. Neither party to recover costs in this court. It is so ordered.

RAND, C. J., and BAILEY and KELLY, JJ., concur.