Argued and submitted October 19, 1979, affirmed February 19, 1980

LANE COUNTY,
*Respondent,*
*v.*
OREGON BUILDERS, INC.,
*Appellant,*

GUSTAFSON, et al,
*Defendants-Respondents,*
*v.*
BERGSTROM, et al, *Third Party Defendants.*

(No. 76-4559, CA 12489)

606 P2d 676

Robert W. Hill, Eugene, argued the cause for appellant. With him on the briefs was Hill & Schultz, P.C., Eugene.

[591]

Cheyenne Chapman, Certified Law Student, Eugene, argued the cause for respondent. With her on the brief were Margie Hendriksen, County Counsel, and Lane County Office of Legal Counsel, Eugene.

Michael E. Farthing, Eugene, waived appearance for defendants-respondents.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

Lane County brought this suit seeking a mandatory injunction to compel defendant Oregon Builders to install sidewalks in a subdivision. The trial court granted the relief sought by the county. We affirm.

In 1972, Oregon Builders applied to the county for approval of a subdivision. In the latter months of 1972, two county agencies gave preliminary approval to the subdivision, "subject to *** [i]nstallation of sidewalks as required by the Lane Code." Final approval was given in January, 1973. The Lane County subdivision ordinance then in effect provided that "[t]he subdivider shall grade and pave all sidewalks in the subdivision area in accordance with specifications adopted by ordinance by the Board of County Commissioners." Oregon Builders did not install sidewalks in the subdivision. After several of the lots in the subdivision had already been sold, the county "reminded" Oregon Builders that the sidewalks had not been installed and initiated efforts "to obtain voluntary compliance." Those efforts failed, and the county brought this suit in 1976.

Oregon Builders does not argue on appeal that it was not required by the ordinance to install the sidewalks, and it does not argue that that requirement in the ordinance was legally improper. Oregon Builders' contentions are, first, that the county did not join all of the owners of lots in the subdivision as necessary defendant parties and, second, that the county's suit is barred by laches.

Oregon Builders' first contention is based on the speculation that the installation of sidewalks which the ordinance requires may result in a trespass or injury to the abutting lots. The county correctly points out that the sidewalks are to be constructed in a public right of way rather than on property of the lot owners. There is conflicting evidence about whether sufficient space exists for it to be possible for the sidewalks to be installed without some incursion into the lots. Be that

as it may, any interference with the lot owners' interests in the process of installing the sidewalks would be a tort of trespass or nuisance or a taking. Manifestly, the lot owners as prospective tort victims were not necessary parties to this suit. Whether or not a taking may ensue, it is settled in Oregon that "in condemnation proceedings the omission of a proper party does not invalidate the proceedings as against those who were made parties." *Moore Mill & Lbr. Co. v. Foster,* 216 Or 204, 246, 336 P2d 39, 337 P2d 810 (1959). There was no basis for defendant's assertion that the lot owners were necessary parties.[1]

Oregon Builders' laches argument is defeated by the reiteration by the Supreme Court in *Corvallis Sand & Gravel v. Land Board,* 250 Or 319, 327, 439 P2d 575 (1968), of the language in *State v. Vincent,* 152 Or 205, 214, 52 P2d 203 (1936), that "the defense of laches is not available against the government, state or national, in a suit by it to enforce a public right or protect a public interest." Laches may be available as a defense in suits where the government asserts a "proprietary" interest as opposed to a governmental one, but we held in *Clackamas County v. Emmert,* 14 Or App 493, 513 P2d 532, *rev den* (1973), that the enforcement of a zoning ordinance by the county was an exercise of its police power and that estoppel was not available as a defense in a proceeding by the county to enforce the ordinance.

Oregon Builders relies on *City of Pendleton v. Holman,* 177 Or 532, 164 P2d 434 (1945), which it characterizes as holding that the city's installation of streets and collection of assessments therefor was a proprietary function. Oregon Builders states:

---

[1] Many of the lot owners were named defendants by the county. Oregon Builders argues that the county did not "prove" that all necessary parties had been joined and that all of the "parties joined as defendants were the owners of the lots ***." At trial, Oregon Builders introduced an exhibit which tended to prove that a small number of lot owners were not named defendants. Given the basis for our disposition of Oregon Builders' nonjoinder argument, it is unnecessary for us to comment on the procedural approach to the issue which Oregon Builders followed below or here.

"It seems unreasonable and confusing to determine one case on the basis that the government is trying to collect an assessment for the installation of streets and label that proprietary while an action to force a citizen to install sidewalks should be called governmental."

We do not find the distinction to be "unreasonable and confusing." Whether or not the installation of a street by a governmental body is proprietary or governmental, the enforcement of a subdivision ordinance is obviously a governmental act, notwithstanding that the ordinance requires the subdivider to spend money to install sidewalks.

Oregon Builders invites us to accept Justice O'Connell's dissent in *Corvallis Sand & Gravel* rather than the majority opinion in that case and "eliminate the determination of government obligations on the basis of whether a function is governmental or proprietary." Only the Supreme Court can overrule its decision in *Corvallis Sand & Gravel* or adopt the dissent. While we agree with Oregon Builders that the distinction between "governmental functions" and "proprietary functions" may often be elusive, not to say mystical, there can be no serious question about which designation applies to the county's enforcement of its subdivision ordinance.

Affirmed.