Submitted on briefs November 21, affirmed December 3, petition
for rehearing denied December 31, 1958

# HUYCKE ᴇᴛ ᴜx *v.* LATOURETTE ᴇᴛ ᴀʟ
### 332 P. 2d 606

174

Frank W. King, Portland, for appellants.

Glenn R. Jack, Oregon City, for respondents.

AFFIRMED.

PER CURIAM.

The plaintiffs commenced this action against the defendants to recover damages alleged to have been suffered in the purchase of certain real property in Clackamas County.

The defendants demurred to plaintiffs' complaint. The demurrer was sustained by the trial court and the plaintiffs electing not to amend, but to stand upon the allegations of their complaint, the complaint was dismissed.

From this judgment of dismissal the plaintiffs appeal.

The pertinent portions of the complaint necessary to this opinion are as follows:

"III.

"* * * that shortly before the 28th day of June, 1951 defendants offered said real property and the dwelling house for sale to the plaintiffs for the sum of $30,000.00. That in making the offer of sale the defendants represented that the dwelling house located on said property was sound and

sturdy, and by actions represented to the plaintiffs that there were no latent defects in the building.

"IV.

"That relying on the defendants' representations, both by word and by action, these plaintiffs purchased said property from the defendants for the sum of $30,000.00 on the 28th day of June, 1951.

"V.

"That the representations described above were false in the following particulars:

"That the building located on said premises was and had been struck with dry rot, which fact the defendants well knew, and because of the fact, said building was unsound.

"That the defendants knew that the representations were false, that they were made with the intent that the plaintiffs rely thereon, that the plaintiffs did rely thereon and purchased said premises, all to their damage in the sum of $3680.09.

"VI.

"That in making said representations the defendants acted wilfully and maliciously and with utter disregard to the rights of these plaintiffs, and that the plaintiffs did not discover that said representations were false until the 27th day of November, 1953."

A ground of each defendant's demurrer is that the complaint discloses plaintiffs' cause of action to be barred by the statute of limitations.

■ Our statute of limitations provides that, where the gravamen of an action at law is fraud or deceit, the action must be commenced within two years "from the discovery of the fraud or deceit." ORS 12.110. The language of this statute "from the discovery of the fraud or deceit" means "from the time the fraud was known or could have been discovered through the

exercise of reasonable diligence." *Linebaugh v. Portland Mtg. Co.,* 116 Or 1, 8, 239 P 196.

It is to be noted that plaintiffs purchased the property on June 28, 1951. The action was commenced November 5, 1954. Thus, more than three years elapsed after the alleged fraudulent representations were made and before the action was commenced. If nothing more was alleged, then, of course, the demurrer would lie. The sole question then is whether or not the allegation "that the plaintiffs did not discover that said representations were false until the 27th day of November, 1953," is a sufficient allegation to plead the tolling of the statute.

■ While some courts recognize a rule that it is sufficient in an action for fraud to merely allege that the misrepresentation was not discovered within the time granted by the statute to bring the action, the majority of jurisdictions require that when the complaint shows the action was not commenced within the time fixed by the statute of limitations it is necessary, in order to toll the statute, to set forth the reasons why there was not an earlier discovery of the fraud or deceit. 54 CJS 467, Limitations of Actions § 343; Annot. 172 ALR 265.

This court has never directly passed upon this particular question in relation to actions at law. It is, however, significant that in suits in equity, where laches by analogy to the statute of limitations may limit the time in which a suit may be commenced, the rule is that a mere allegation in a complaint that the fraudulent act was unknown until a certain date is insufficient. *City of Pendleton v. Holman,* 177 Or 532, 164 P2d 434, 162 ALR 249; *State of Oregon v. Warner Valley Stock Co.,* 56 Or 283, 106 P 780, 108 P 861; *Wills v. Nehalem Coal Co.,* 52 Or 70, 96 P 528; Ann.

172 ALR 265. "When, however, the suit is brought after the statutory time, plaintiff must plead and prove that laches does not exist, and the facts must be specifically and precisely pleaded." *Wills v. Nehalem Coal Co.,* supra, pps 90-91.

■ It would, therefore, appear that the rule in actions at law and in suits in equity should be uniform in their requirements. Therefore, a complaint filed after the period provided by statute for the bringing of the action must negative lack of diligence in the discovery of the fraud.

To fail to require a statement of facts setting forth the reason why the fraud was not sooner discovered would be to ignore a requirement of our statute which is necessary to permit the bringing of the action after the limiting time has expired.

Speaking to this very question it has been said "The trouble is the petition leaves the question of when the fraud was, or reasonably could have been, discovered open to conjecture. That is precisely what a petition cannot do when it attempts to toll the running of the statute of limitations." *Schulte v. Westborough,* 163 Kan 111, 172 ALR 259, 180 P2d 278.

Since plaintiffs' complaint did not show an excuse for delay in bringing this action, the demurrers were properly sustained.

Judgment affirmed.