Argued September 16, affirmed October 7, 1959

HEARD *v.* COFFEY ET AL

344 P. 2d 751

*Wesley A. Franklin* argued the cause for appellant. On the brief were Anderson, Franklin & O'Brien and Philip A. Levin, all of Portland.

*Curtis W. Cutsforth* argued the cause for respondents. With him on the brief were King, Miller, Anderson, Nash & Yerke and Mark C. McClanahan, all of Portland.

Before McALLISTER, Chief Justice, and WARNER, SLOAN and KING, Justices.

KING, J. (Pro Tempore)

This is an action for damages for alleged fraud. The plaintiff charged that the defendants, who are in the business of writing health and accident insurance, induced the plaintiff to purchase a policy by means of certain misrepresentations regarding the coverage provided by the policy.

The alleged fraud took place on or about July 27, 1947, when the plaintiff purchased the policy. Plaintiff claims to have become totally disabled on July 31, 1954, and shortly thereafter discovered that her policy provided for the $100 per month total disability benefits only in the event that she was "continuously confined within doors and regularly attended therein at

least once a week by a legally qualified physician." She claims that this was contrary to the representations made to her by defendants' agent.

The defendants demurred to plaintiff's complaint upon the following grounds:

"1. Said complaint does not state facts sufficient to constitute a cause of action against defendants, or any of them.

"2. Plaintiff's action herein has not been commenced within the time limited by statute, to wit, within two years from the accrual of plaintiff's alleged cause of action."

The lower court, after hearing, sustained the demurrer and, the plaintiff having declined after due notice to plead further, the court dismissed plaintiff's complaint with prejudice and entered judgment for defendants for their costs and disbursements.

The question for determination here is whether the complaint contained sufficient allegations to state a good cause of action and sufficient to bring it within the statute of limitations. If it failed in either condition, it is not sufficient.

The complaint alleges:

"I.

"That at all times herein mentioned, the defendants were and now are associated in the business of writing health and accident insurance with an office and principal place of business in Portland, Multnomah County, Oregon, under the name and style of Harry K. Coffey and Associates.

"II.

"That on or about July 27, 1947, the defendants and each of them, acting by and through an employee and agent, induced the plaintiff to purchase, through defendants, a policy of health and accident

insurance which the defendants, acting by and through said agent, represented to the plaintiff would pay the plaintiff a monthly indemnity of $100.00 in the event that the plaintiff became totally disabled, for the entire period of such total disability.

## "III.

"That in reliance on said representation, the plaintiff did purchase, through the defendants, a policy of health and accident insurance with the Mutual Benefit Health & Accident Association of Omaha, Nebraska, policy number 313479-47, which said policy was in full force and effect at all times material herein.

## "IV.

"That thereafter and while said policy was in full force and effect, plaintiff became totally disabled on or about July 31, 1954, and shortly thereafter made application to the Mutual Benefit Health & Accident Association for total disability benefits under said policy at which time the plaintiff discovered that said policy contained a provision that total disability benefits would be paid only in the event plaintiff were continuously confined within doors and regularly attended therein at least once a week by a legally qualified physician. That by reason of said language and the policy hereinabove referred to, plaintiff was refused payment of monthly indemnity by the Mutual Benefit Health & Accident Association under said policy.

## "V.

"That the representation by the defendants, acting by and through their employee and agent, to the effect that the policy which plaintiff was purchasing would pay the plaintiff a monthly indemnity of $100.00 in the event of total disability, was false and untrue and known to be untrue by the defendants; that it was made with the intent to deceive plaintiff and for the purpose of inducing plaintiff

to rely upon it; that the plaintiff did, in fact, rely and act upon it to her injury and damage in that the plaintiff would have purchased health and accident insurance which would have covered her for monthly indemnity in the event of total disability and without the restrictive clauses hereinbefore referred to.

"VI.

"That had said false statements in fact been true, the plaintiff would have been entitled to recover from the Mutual Benefit Health & Accident Association the sum of $100.00 per month from July 31, 1954 to date, or a total of $2100.00 to date. That by reason of said fraud, plaintiff has been damaged in said sum.

"VII.

"That defendants' conduct in the particulars hereinbefore alleged was willful, wanton, and malicious, and by reason thereof plaintiff is entitled to recover a reasonable sum from defendants by way of punitive damages in this action. That a reasonable sum to be so allowed is the sum of $10,000.

"WHEREFORE, plaintiff demands judgment of the defendants and each of them, in the sum of $2100 general damages, the sum of $10,000 punitive damages, together with her costs and disbursements incurred herein."

It will be observed from the complaint that approximately seven years and four days elapsed from the date of the alleged fraud, July 24, 1947, to the date of the alleged discovery, July 31, 1954; that approximately eight years, nine months and twenty five days elapsed from the date of the alleged fraud until the filing of the complaint on May 2, 1956.

. The only allegation regarding the discovery of the alleged fraud is contained in Paragraph IV of plain-

tiff's complaint. It alleges, in effect, simply that plaintiff made the discovery on or about July 31, 1954, when she became totally disabled and applied for total disability benefits. No reasons are set forth why an earlier discovery of the alleged fraud was not made. There was no allegation that reasonable, or any, effort was made to learn the terms of the policy, although it was in her continuous possession.

■ ORS 12.110 provides that an action at law for fraud or deceit must be commenced within two years from the discovery of the fraud or deceit. It was held in *Linebaugh v. Portland Mortgage Co.,* 116 Or 1, 239 P 196, that the words "from the discovery of the fraud or deceit" as used in the statute meant "from the time the fraud was known or could have been discovered through the exercise of reasonable diligence."

■ The rule set forth in *Linebaugh v. Portland Mortgage Co.,* supra, has been approved by this court in equity cases, including the early case of *Wills v. Nehalem Coal Co.,* 52 Or 70, 96 P 528, where it was held:

> "When, however, the suit is brought after the statutory time, plaintiff must plead and prove laches does not exist, and the facts must be specifically and precisely pleaded: * * *."

See, also, *State v. Warner Valley Stock Co.,* 56 Or 283, 106 P 780, 108 P 861, and *City of Pendleton v. Holman,* 177 Or 532, 164 P2d 434, 162 ALR 249.

In the recent case of *Huycke v. Latourette,* 215 Or 173, 332 P2d 606, decided by this court December 3, 1958, it was held that the equity rule as set forth above also applied to law actions for fraud and deceit. This court, in that case, said:

> "It would, therefore, appear that the rule in actions at law and in suits in equity should be

uniform in their requirements. Therefore a complaint filed after the period provided by statute for the bringing of the action must negative lack of diligence in the discovery of the fraud.

"To fail to require a statement of facts setting forth the reason why the fraud was not sooner discovered would be to ignore a requirement of our statute which is necessary to permit the bringing of the action after the limiting time has expired."

The court concluded by saying:

"Since plaintiff's complaint did not show an excuse for delay in bringing this action, the demurrers were properly sustained."

In the *Huycke v. Latourette* case the action was brought a little more than three years after the alleged fraudulent representations were made. In this case, as before mentioned, the action was brought almost nine years after the alleged false representations were made. The allegations as to "discovery of the fraud" are almost identical in both cases and neither give any explanation, and do not negative lack of diligence in discovery of the fraud.

■ The plaintiff's complaint in this case does not show any excuse for the delay in bringing this action. The circuit court properly determined the issue as a matter of law and sustained the demurrer. The complaint, on its face, showed that the statute of limitations had run before it was filed, and no facts were pleaded to toll the statute.

The judgment is affirmed.