236 P.3d 709 (2010)
348 Or. 525
In the Matter the ADOPTION of A.R.G.-D., adopted name A.R.G.-D., a Minor Child.
J.G., Petitioner on Review,
v.
N.D.G., Respondent on Review.
(CC 0509-69919; CA A141787; SC S058285).
Supreme Court of Oregon.
Argued and Submitted June 8, 2010.
Decided July 15, 2010.
*710 Kathryn M. Pratt, Pratt Law Office LLC, Beaverton, argued the cause and filed the briefs for petitioner on review.
Mark Kramer, Kramer & Associates, Portland, argued the cause and filed the brief for respondent on review.
DE MUNIZ, C.J.
Maternal grandmother (grandmother) obtained a judgment of adoption of her grandson, A.G., displacing birth mother (mother) as A.G.'s parent. Mother moved to vacate the adoption judgment on the ground that she had not received notice of the adoption proceeding and that the order authorizing notice by publication was obtained through fraud and misrepresentation. In response, grandmother moved to dismiss mother's motion. The trial court allowed grandmother's motion to dismiss mother's motion to vacate the adoption judgment. Mother appealed, and the Court of Appeals affirmed without opinion. J.G. v. N.D.G., 233 Or.App. 509, 226 P.3d 130 (2010). We allowed review and now reverse the decision of the Court of Appeals and the judgment of the trial court, remanding to the trial court for a hearing on the merits of mother's motion to vacate the adoption judgment.
The facts pertinent to our review are undisputed. In September 2005, grandmother and a maternal aunt filed a petition to adopt A.G. In January 2006, grandmother moved for an order authorizing service on mother by publication in that proceeding.[1] In support *711 of her motion, grandmother filed an affidavit averring that grandmother had had "no contact * * * whatsoever" with mother since September 2005. She also averred that she had tried unsuccessfully to serve mother in another proceeding in June 2004, but that mother was transient. Grandmother's affidavit did not detail any effort to locate or serve mother within the five months preceding grandmother's request to serve mother by publication. The trial court granted grandmother's motion for service by publication.
Mother thereafter failed to appear at an April 2006 hearing, and the trial court entered an "order dispensing with [mother's] consent." On June 2, 2006, the trial court granted grandmother and aunt's petition to adopt A.G., and a general judgment of adoption was entered on June 7, 2006.
On June 1, 2007, within one year after entry of the adoption judgment, mother moved to vacate the adoption. As noted earlier, mother asserted that she had not received notice of the adoption proceeding and that the court order authorizing notice by publication was obtained through fraud and misrepresentation, violating her rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[2]
Mother's counsel filed an affidavit supporting mother's motion to vacate the adoption judgment. Counsel's affidavit alleged that mother did not learn of A.G.'s adoption until an attorney who was representing mother in proceedings concerning her other child, R.M., learned of it sometime in January or February 2007,[3] approximately six months before mother filed the motion to vacate the adoption judgment. The affidavit averred that grandmother had testified, at a January 2007 hearing concerning R.M., that between December 2005 and February 2006, around the time grandmother signed the affidavit requesting service by publication, grandmother regularly was taking R.M. to the Department of Human Services (DHS) to visit with mother. According to the affidavit, grandmother also had attended hearings at which mother was present. Counsel's affidavit asserted that grandmother had omitted that information from her affidavit supporting her request for an order for service by publication, and that grandmother's failure to disclose that information was an intentional misrepresentation designed to circumvent the adoption notice requirements. The affidavit further alleged that, by providing a misleading affidavit, grandmother had perpetrated a fraud on the court.[4]
In December 2007, the parties unsuccessfully engaged in mediation. Ten months later, in September 2008, mother requested a conference with the trial court to discuss setting a hearing on her motion to vacate the adoption judgment. In response, grandmother moved to dismiss mother's motion to vacate the adoption judgment. Grandmother advanced *712 two reasons for dismissing mother's motion. First, she argued that mother had failed to comply with Multnomah County Supplementary Local Rule (SLR) 8.012(2),[5] which requires in part that "motions not settled or reset within 5 months of filing" be "automatically dismissed." Second, grandmother relied on the doctrine of laches, arguing that the doctrine should be extended to apply to the delayed adjudication of motions, as well as to the delayed filing of claims.
In February 2009, the trial court held a hearing on grandmother's motion to dismiss. Following the hearing, at which grandmother testified, the trial court concluded that grandmother's affidavit in support of her request to accomplish service by publication had misled the trial court. Nevertheless, the trial court granted grandmother's motion to dismiss mother's motion to vacate the adoption judgment, stating:
"[T]he court * * * needs to take a look at the longer view for [A.G.]. I don't mean to belabor the point, but we're talking about one to two years plus at the Court of Appeals if either sets of issues are appealed to determine finality for [A.G.], and that's not fair to him.
"* * * * *
"[T]his court was stunned  I guess is the right word to use  that grandmother and/or her lawyer at the time was filing an affidavit in [A.G.]'s adoption case that represented that grandmother did not know an address for mother when * * * there definitely was a location where she could have been served.
"* * * * *
"[T]here was a definite basis for having a court take a look at [mother's due process claims]. * * *
"* * * * *
"But the fact remains that we have this little guy who spent the vast majority of his life, if not all of his life, with his grandmother, and at some point this particular dispute has got to end, and he's got to know where he's going to grow up. * * * I think that the local rule and laches are both applicable in this case. Mother should have brought this to the court's attention much, much sooner, and this case should have been resolved much, much sooner.
"So while I deeply regret what I have to do today, I think that the facts of this case and the equities of this case weigh in favor of [A.G.'s] stability rather than mother's rights, and I will grant the motion to dismiss * * *."
On March 5, 2009, the trial court entered a supplemental judgment dismissing mother's motion to vacate the adoption judgment. Mother appealed that ruling. As noted above, the Court of Appeals affirmed without opinion. This court allowed review to consider whether the trial court properly granted grandmother's motion to dismiss based on Multnomah County SLR 8.012(2) and the doctrine of laches.
On review, mother urges this court to vacate the adoption judgment because, according to mother, it is clear from the record that her due process rights were violated and that the underlying adoption judgment is "void." Mother asserts that the trial court improperly permitted service by publication based on grandmother's misleading affidavit. According to mother, lack of notice deprived her of her constitutional right to due process, and that deprivation should outweigh the application of both the doctrine of laches and of the application of the SLR 8.012(2) timeline.
Similarly, mother argues that, because she never received proper notice of the adoption proceeding, the trial court never had subject matter jurisdiction. Mother asserts that, as a result, the trial court's entry of the order dispensing with her consent pursuant to ORS 109.324[6] was ineffective, and this court should declare the adoption judgment void. See Hughes v. Aetna Casualty & Surety Co., *713 234 Or. 426, 435, 383 P.2d 55 (1963) (quoting Furgeson v. Jones, 17 Or. 204, 218, 20 P. 842 (1889) ("`consent lies at the foundation of statutes of adoption, and * * * the court cannot take jurisdiction of the subject-matter without it'")).
We agree that mother's due process and jurisdictional claims potentially raise significant questions regarding the validity of the adoption judgment. See Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965) (when a birth parent does not receive notice of an adoption proceeding, the only way to fully accord birth parent due process is to vacate the adoption judgment and consider the case anew). However, the question before us at this stage of the proceeding is a more narrow one. As we explained earlier, the trial court dismissed mother's motion to set aside the adoption judgment relying on both Multnomah County SLR 8.012(2) and the doctrine of laches.[7] If, as we conclude, the court erred in dismissing mother's motion on those grounds, then it is for the trial court to decide on remand whether to set aside the adoption judgment for lack of notice. See Middleton v. Chaney, 335 Or. 58, 57 P.3d 893 (2002) (setting aside guardianship for lack of notice).[8]
We first address whether the trial court properly relied on Multnomah County SLR 8.012(2) in dismissing mother's motion to vacate the adoption judgment. SLR 8.012(2) provides, in part:
"Motion hearings may be reset twice * * *. Subsequent requests to reset a hearing must be made by motion to the Chief Family Law Judge * * *. Motions not settled or reset within 5 months of filing will be automatically dismissed without notice to the parties."
SLR 8.012(2) explicitly refers to the resetting of motions hearings several times; it does not address explicitly the initial setting of hearings on motions.[9]
The text of SLR 8.012(2) arguably is broad enough to apply to motions that have not been heard within five months of filing. Reading the rule in that manner, however, essentially requires that we insert a term in the rule so that it reads "Motions not heard, settled or reset within five months of filing will be automatically dismissed without notice to the parties." In construing statutes, we are prohibited from inserting words the legislature has omitted. ORS 174.010. Similarly, here we decline to insert a term not expressed in the rule, particularly where we perceive that the real issue is whether the rule put mother on notice that her motion would be subject to automatic dismissal if not heard within five months of filing. In our view, the text of SLR 8.012(2) does not provide adequate notice to a party that a motion that has never been set for a hearing in the first place is subject to automatic dismissal. To the extent that the trial court relied on *714 SLR 8.012(2) as authority to dismiss mother's motion to vacate the adoption judgment, it erred.
Grandmother also argues that the doctrine of laches justifies the trial court's decision. Her argument in that regard, however, is limited. Grandmother does not contend that laches barred mother from filing her motion to vacate the adoption judgment; that is, grandmother does not dispute that mother filed her motion to set aside the adoption judgment in a timely fashion.[10] Grandmother asserts instead that mother unduly delayed in pursuing her motion, once filed, and that the trial court properly relied on the doctrine of laches to dismiss mother's motion for, essentially, want of prosecution. Grandmother, however, does not cite any authority that establishes that the doctrine of laches applies in that way to motion practice, and we conclude that it does not.[11]
We note that, in the course of ruling on grandmother's laches argument, the trial court reasoned that prejudice to the child (i.e., the child's best interests) bore on the question whether mother had failed to prosecute her motion with reasonable diligence. One difficulty with the trial court's reasoning is that laches does not apply in this situation. And, without some legal or equitable theory that would warrant dismissing mother's motion, the trial court could not rely, at this stage of the proceedings, on a free-floating concern for the child's best interests in order to dismiss mother's motion to vacate the adoption judgment.
Because neither of the two reasons relied upon by the trial court provided a basis for dismissal of mother's motion to vacate the adoption judgment, the trial court erred in granting grandmother's motion to dismiss, and the Court of Appeals erred in affirming that judgment.
The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.
NOTES
[1] ORCP 7 D(6) outlines when service by publication is appropriate. It provides, in part:

"(a) Court order for service by other method. On motion upon a showing by affidavit or declaration that service cannot be made by any method otherwise specified in these rules or other rule or statute, the court, at its discretion, may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action, including but not limited to: publication of summons; mailing without publication to a specified post office address of the defendant by first class mail and any of the following: certified, registered, or express mail, return receipt requested; or posting at specified locations. If service is ordered by any manner other than publication, the court may order a time for response.
"* * * * *
"(g) Defendant who cannot be served. Within the meaning of this subsection, a defendant cannot be served with summons by any method authorized by subsection (3) of this section if: (i) service pursuant to subparagraph (4)(a)(i) of this section is not authorized, and the plaintiff attempted service of summons by all of the methods authorized by subsection (3) of this section and was unable to complete service, or (ii) if the plaintiff knew that service by such methods could not be accomplished."
[2] The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
See also Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965) (failure to give biological parent notice of pending adoption proceedings violates the most rudimentary demands of due process of law).
[3] Grandmother does not dispute that assertion, although court records indicate that both mother and mother's attorney knew of A.G.'s adoption by December 2006.
[4] We note that counsel for grandmother in this court did not represent grandmother when she submitted the allegedly false affidavit in support of her motion to serve mother by publication.
[5] SLR 8.012 was amended effective February 1, 2009, after grandmother filed the motion to dismiss, but before the court held a hearing and granted the motion. Although those changes do not affect our analysis of the local rule, we nevertheless consider the 2008 version of the rule that was in effect when the events in this case took place.
[6] ORS 109.324 provides, in part:

"(1) If a parent is believed to have willfully deserted the child or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, and if the parent does not consent in writing to the adoption, the petitioner, in accordance with ORS 109.330, shall serve on the parent a summons and a motion and order to show cause why the adoption of the child should not be ordered without the parent's consent.
"(2) Upon hearing or when the parent has failed to file a written answer as required in ORS 109.330(3), if the court finds that the parent has willfully deserted the child or neglected without just and sufficient cause to provide proper care and maintenance for the child for one year next preceding the filing of the petition for adoption, the consent of the parent at the discretion of the court is not required and, if the court determines that the parent's consent is not required, the court may proceed regardless of the objection of the parent."
[7] Because the trial court did not consider mother's motion to vacate the adoption, we cannot decide in this proceeding whether the adoption should be vacated; we may only reverse the trial court's dismissal of mother's motion to do so.
[8] In Middleton, this court directed the trial court to set aside the guardianship order for lack of notice to the father without regard to whether doing so was in the best interests of the child. 335 Or. at 64, 57 P.3d 893. The court, however, recognized that, once the order was set aside, the court could consider, under established standards, whether the father or maternal relatives should have custody of the child.
[9] Here, mother did not receive a hearing on her motion to vacate the adoption judgment. It was never set and, as such, could not have been reset. Cf. Brown v. Gatti, 195 Or.App. 695, 709-10, 99 P.3d 299 (2004) (concluding that Multnomah County SLR 5.045(1), which provided that "`[n]o Motion for Reconsideration * * * shall be heard,'" was inapplicable in that case because "[t]he court had yet to consider [the] request, so there was nothing to reconsider").
[10] ORS 109.381(3) provides:

"After the expiration of one year from the entry of a judgment of adoption in this state the validity of the adoption shall be binding on all persons, and it shall be conclusively presumed that the child's natural parents and all other persons who might claim to have any right to, or over the child, have abandoned the child and consented to the entry of such judgment of adoption, and that the child became the lawful child of the adoptive parents or parent at the time when the judgment of adoption was rendered, all irrespective of jurisdictional or other defects in the adoption proceeding. After the expiration of the one-year period no one may question the validity of the adoption for any reason, either through collateral or direct proceedings, and all persons shall be bound thereby. However, the provisions of this subsection shall not affect the right of appeal from a judgment of adoption as may be provided by law."
[11] If any legal theory applied, it would be dismissal for want of prosecution; however, grandmother did not advance that theory below, and the trial court did not rely on it. We note that ORCP 54 B(3) requires courts to mail notice to parties "in each pending case in which no action has been taken for one year immediately prior to the mailing of such notice, that a judgment of dismissal will be entered in each such case by the court for want of prosecution." ORCP 54 B(3). Here, the delay in adjudication was ten months (between December 2007, when mediation attempts failed, and September 2008, when mother requested a conference with the trial court to discuss setting a hearing). The ten-month period "in which no action" was taken to move forward mother's motion to vacate the adoption judgment is short of the one-year period permitted before a claim may be dismissed for want of prosecution. The rule appears to us to cover precisely the matter that grandmother now wishes to have subject to the doctrine of laches. We think, however, that the rule's one-year limit establishes the applicable law.