Argued and submitted August 17, 2016, reversed and remanded
March 15, 2017

Ray F. KASTLE,
guardian *ad litem* of
Shaun Kastle, an incapacitated adult,
*Plaintiff-Appellant,*

*v.*

SALEM HOSPITAL;
Jack Buchanan, MD;
Martin Johnson, MD;
and Kelli Kruse,
*Defendants,*

*and*

Saleh ISMAIL, MD,
and Salem Pulmonary Associates, PC.,
*Defendants-Respondents.*
Marion County Circuit Court
12C24245; A159922

392 P3d 374

Kathryn M. Pratt argued the cause for appellant. On the opening brief was Brian R. Whitehead. With her on the reply brief was Pratt Law Office LLC.

Jay W. Beattie argued the cause for respondents. With him on the brief were Jeffrey S. Young and Lindsay Hart, LLP.

Before Duncan, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

## DEVORE, J.

This appeal concerns the application of the statute of limitations to a complaint for medical malpractice involving newly added defendants. Plaintiff alleged that negligent treatment of low sodium levels in his blood serum caused him to develop a neurological disorder, central pontine myelinolysis (CPM). Invoking ORCP 21 A(9),[1] defendants moved to dismiss the complaint as barred by the statute of limitations for medical negligence, ORS 12.110(4).[2] Plaintiff moved to amend the complaint to plead delayed discovery of his claim and to plead a disabling mental condition, which would toll the statute of limitations.[3] The trial court denied plaintiff's motion to amend and granted defendants' motion to dismiss with prejudice.

On appeal, the parties primarily dispute whether the operative complaint shows that plaintiff failed to commence the action within the time limited by statute after he discovered or reasonably should have discovered his claim. Plaintiff makes other assignments of error, but we do not reach them because they become moot or unnecessary after determination of the primary issue. On the primary issue, we conclude that the complaint does not show on its face that plaintiff commenced this action outside the limitations period. Because the trial court erred, we reverse and remand for further proceedings.

In reviewing an order granting dismissal under ORCP 21 A(9), our review is limited to the face of the operative complaint. *Kelly v. Lessner*, 224 Or App 31, 33, 197 P3d 52 (2008). In this case, that is the third amended

---

[1] In relevant part, ORCP 21 A(9) provides that a defendant may move to dismiss on the ground "that the pleading shows that the action has not been commenced within the time limited by statute."

[2] In relevant part, ORS 12.110(4) provides:

"An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered."

[3] *See* ORS 12.160(3) (tolling the commencement of time limitations for a disabling mental condition that prevents a person from comprehending rights); *see also* ORS 12.160(4) (tolling time for five years or one year after disabling mental condition ends, whichever occurs first).

complaint.[4] "In conducting that review, we assume the truth of all allegations in the complaint and give the plaintiff, as the nonmoving party, the benefit of all favorable inferences that could be drawn from those allegations." *Id.*

The facts, as alleged, are as follows. Plaintiff experienced hyponatremia, a medical condition involving a low sodium level in his blood serum. On or about August 17, 2011, plaintiff sought diagnosis and treatment at the Salem Hospital's urgent care clinic. That care included testing his serum sodium and potassium levels. On or about August 19, 2011, plaintiff returned to the hospital's emergency room, reporting seizures and fainting episodes. The hospital tested plaintiff's blood again and found that his sodium and potassium measures had declined to life-threatening levels. An emergency room physician ordered intravenous sodium replacement therapy at a level below 10 millimoles per liter (mmol/L) in a twenty-four hour period. Serum sodium therapy should be kept below that amount in order to prevent the development of CPM. On the afternoon of August 19, plaintiff was transferred to the hospital's intensive care unit, where Dr. Johnson ordered sodium replacement therapy that allegedly resulted in plaintiff's serum sodium level increasing more than 10 mmol/L in a twenty-four hour period.

On August 19 and 20, 2011, Dr. Ismail became responsible for plaintiff's care. Ismail allegedly failed to monitor so as to ensure that nurses did not administer too much intravenous saline to plaintiff. Although saline had been discontinued due to previously improper sodium replacement, Ismail allegedly was responsible for resumption of intravenous saline.

On November 19, 2012, plaintiff filed this action for medical malpractice against Salem Hospital and several individuals, who are now no longer material to the case.

---

[4] Defendants refer to documents with facts outside the complaint. Our account, however, omits such materials because they are not properly considered when reviewing a motion to dismiss under ORCP 21 A(9). *See Roberts v. Drew*, 105 Or App 251, 255, 804 P2d 503 (1991) ("Although affidavits and other materials outside the complaint may be submitted in connection with motions to dismiss made on the grounds set forth in ORCP 21 A(1) through (7), this was a motion under ORCP 21 A(9), and our inquiry is limited to the face of the complaint.").

On October 30, 2014, plaintiff filed a third amended complaint so as to include as new defendants, Ismail and Salem Pulmonary Associates (SPA), alleging that Ismail was negligent in treating plaintiff and that SPA should be vicariously liable for that treatment.[5] Sometime later, defendants filed a motion to dismiss the complaint, asserting the statute of limitations. The trial court granted defendants' motion, concluding that:

> "I do find that in the third amended complaint, that on its face it is time-barred, and that there was nothing alleged in the third amended complaint that would have tolled the time frame. There was nothing that would have indicated that there was something that did not or could not have been discovered or any mention of the insanity. Based on that, I am persuaded by counsel's argument that it is outside the time frame and so dismissal is appropriate as to those defendants and that claim."

The court dismissed the complaint with prejudice.

On appeal, plaintiff argues, in part, that the court erred because the complaint does not show on its face that plaintiff discovered Ismail and SPA's role in his injury more than two years before he filed claims against them. He argues that, at the pleading stage in a complex claim like medical malpractice, a plaintiff cannot be assumed to have discovered his claim or the responsible defendants at a time outside the statute of limitations. Moreover, he argues, he should not be required in his complaint to plead delayed discovery because his task is only to state a claim, not to anticipate a motion to dismiss or an affirmative defense of limitations.

Taking just the reverse view, defendants argue that the complaint is "patently time-barred" because the complaint fails to allege facts from which it could be inferred that plaintiff discovered his claim against defendants less than two years before filing the amended complaint against

---

[5] The third amended complaint also alleged that Johnson, an original defendant, was an employee of SPA, for whom SPA should also be vicariously liable. After that complaint, plaintiff settled with original defendants Salem Hospital, Buchanan, and Kruse. The court entered a limited judgment approving settlement and granted plaintiff's motion to abate the case against remaining defendant Johnson, pending this appeal involving defendants Ismail and SPA.

them. In effect, defendants contend that plaintiff should have pleaded that he could not have reasonably discovered the claim until a date within the statute of limitations in order to avoid an implicit assumption that he should have discovered the claim much sooner. In other words, defendants contend that plaintiff *should* plead in anticipation of a limitations defense in order to avoid dismissal.

Further, defendants argue that a statement plaintiff's counsel made in opposition to dismissal permits an inference favoring defendants that, more than two years before the operative complaint, plaintiff should have discovered his injury, its cause, and the role of Ismail and SPA.[6]

Finally, defendants have particular criticism for the amendment that made SPA a new defendant, alleged to be vicariously liable for Johnson and Ismail. Defendants argue that the amendment was untimely because Johnson was already named a defendant in the original complaint and the employee relationship between SPA and Johnson was "inherently discoverable." Defendants contend that SPA should have been discovered as related and liable for Johnson earlier.

We start where everyone agrees. A medical malpractice action must be filed within two years of the date on which the claim accrues. ORS 12.010; ORS 12.110(4). By statute, a medical malpractice action accrues "when the injury is first discovered or in the exercise of reasonable care should have been discovered." ORS 12.110(4); *Gaston v. Parsons*, 318 Or 247, 254, 864 P2d 1319 (1994) (noting that ORS 12.110(4) was intended to codify the court's discovery rule). An "injury," within the meaning of ORS 12.110(4), consists of harm, causation, and tortious conduct. *Gaston*, 318 Or at 255. Therefore, a medical malpractice claim accrues, and the statute of limitations begins to run, when the plaintiff knows or, in the exercise of reasonable care, should have known facts which would make a reasonable person aware

---

[6] Defendants rely on a statement in plaintiff's response to defendants' motion that, on April 30, 2012, plaintiff obtained a professional medical review concerning the care of the earlier, original defendants. From that statement, defendants infer that plaintiff must have known his injury and its cause and should have uncovered the role of Ismail and SPA.

of a substantial possibility that (1) plaintiff suffered harm, (2) the harm was caused by the defendant's acts and, (3) the defendant's acts were tortious. *Id.*

To defeat a motion to dismiss under ORCP 21 A(9), "a complaint does not have to show that the action *is* timely; it suffices if the complaint does not reveal on its face that the action is *not* timely." *Munsey v. Plumbers' Local No. 51*, 85 Or App 396, 399, 736 P2d 615 (1987) (emphasis is original). That fundamental principle is rooted in the text of ORCP 21 A(9) and in recognition that the limitations issue is an affirmative defense. *See* ORCP 19 B ("In pleading to a preceding pleading, a party shall set forth affirmatively *** [the] statute of limitations *** and any other matter constituting an avoidance or affirmative defense. ***"). In relevant part, ORCP 21 A(9) provides:

> "Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss: *** (9) that the pleading shows that the action has not been commenced within the time limited by statute."

The rule permits a defendant to file a motion raising a limitations defense only when a plaintiff's "pleading shows" that the action is untimely. At this early stage in a case, the sole reference by which a limitations defense is evaluated is the plaintiff's complaint. In that way, the limitations defense in ORCP 21 A(9) differs from other defenses listed in ORCP 21 A(1) through (7), because, as to those defenses, the court may entertain "affidavits, declarations and other evidence" when "the facts constituting such defenses do not appear on the face of" the plaintiff's complaint. ORCP 21 A. In that way, a motion to dismiss also differs from a motion for summary judgment, because, on summary judgment, a defendant may offer evidence outside the complaint to show that there is no genuine dispute of material fact about when the plaintiff reasonably should have discovered a claim and when the limitations period lapsed. ORCP 47 C.

This understanding of ORCP 21 A(9) is illustrated by a case decided under the rule's precursor, ORS 16.260(7),

which likewise made the complaint the sole frame of reference. In *Hewitt v. Thomas*, 210 Or 273, 274 n 2, 310 P2d 313 (1957), an owner filed an action in ejectment to recover possession of property stating properly all the elements of the claim.[7] The defendants had filed no demurrer, but, at trial, they objected all the same that "it must appear from the complaint that it is not barred by the statute of limitations governing that particular case" and that the plaintiff had failed to plead that he had been in title within 10 years. *Id.* at 274-75. In effect, the argument meant that the plaintiff bore a burden of pleading that the claim was timely and that silence on the topic left a complaint insufficient. Ruling the complaint insufficient, the trial court dismissed the action. *Id. at* 274. The Supreme Court reversed. It held that the defendants' argument was "incorrect" because "the statute of limitations is an affirmative defense that must be pleaded in the answer if the defect does not appear on the face of the complaint." *Id.* at 276. The cases upon which the defendants had relied "were ones where it appeared on the face of the complaint that the statute had run, and it was therefore incumbent on [the] plaintiff to plead grounds for tolling the statute." *Id.* In *Hewett*, however, nothing on the face of the complaint showed that the statute had run. Although the complaint had pleaded nothing to show the complaint was within the statute of limitations, the court held "that the complaint was sufficient." *Id.* at 276-77.

We have followed the same principle in applying ORCP 21 A(9). In *Munsey*, plaintiff filed an action in 1985 alleging, among other claims, that a union and its officers had breached its duty of fair representation "[f]rom time to time since 1977" and that the breach was "continuing." 85 Or App at 398. The period of limitation for the claim was only six months. *Id.*; *see* 29 USC § 160 (claims of unfair labor practices). The defendants moved to dismiss based upon the statute of limitations, arguing that the plaintiff's allegation of continuing conduct was conclusory and that the plaintiff

---

[7] In that case, former ORS 16.260(7) provided the same framework for our decision as does today's ORCP 21 A(9). In relevant part, that statute provided that a "defendant may demur to the complaint *** when it appears *upon the face thereof*: *** [t]hat the action has not been commenced within the time limited by statute." *Former* ORS 16.260 (1955), *repealed by* Or Laws 1979, ch 284, § 199 (emphasis added).

had alleged no specific event within six months. *Munsey*, 85 Or App at 398. The trial court dismissed the action. On appeal, we stressed that it sufficed "if the complaint does not reveal on its face that the action is *not* timely. ORCP 21 A(9)." *Id.* at 399 (emphasis in original). Because the allegation did not show that no "violative events" occurred within six months preceding the action, it was sufficient to withstand a motion to dismiss. *Id.*[8]

We followed the same principle once again in *Bodunov v. Kutsev*, 214 Or App 356, 164 P3d 1212 (2007). In that case, the plaintiffs bought a farm, mobile homes, and a migrant camp from the defendants in April 2000, believing the defendants' representation that the mobile homes and camp were "legal." *Id.* at 358. In August 2003, the plaintiffs learned from the county that the structures violated a zoning ordinance. *Id.* at 358-59. The plaintiffs filed a fraud claim in July 2004 and prevailed. *Id.* On appeal, the defendants argued, among other things, that the trial court had erred in denying their motion to dismiss under ORCP 21 A(9) because, according to the defendants, the face of the complaint demonstrated that plaintiff brought the action more than two years after learning of the misrepresentation. *Id.* at 359. We reviewed "to determine whether the face of the complaint demonstrate[d] that the action was untimely." *Id.* at 358. We determined that the complaint did not show that the plaintiffs were aware of their claim when the false representation was made. *Id.* at 359. We also rejected the suggestion that the zoning violation was "apparent and inherently

---

[8] For a contrary proposition, defendants quote *Eldridge v. Eastmoreland General Hospital*, 88 Or App 547, 550, 746 P2d 735 (1987), *aff'd on other grounds*, 307 Or 500, 769 P2d 775 (1989): "When a complaint shows on its face that the period for bringing an action has run, the plaintiff, to avoid the bar, must plead facts sufficient to show that the delay is excused." Assuming the truth of the premise (*i.e.*, that the face of the complaint shows the statute has run), the statement is unremarkable. In *Eldridge*, the majority also stated, "Because the demurrer was sustained, the complaint must be construed most strongly against the pleader." *Id.* That statement is quite unlike our current standard, construing the complaint in plaintiff's favor. *Kelly*, 224 Or App at 33. Judge Rossman dissented, contending that the complaint need only allege facts sufficient to raise a question of fact as to whether the plaintiff should have reasonably discovered her claim. *Eldridge*, 88 Or App at 551 (Rossman, J., dissenting). In that regard, his dissent presaged the recent decision of the Supreme Court in *Doe v. Lake Oswego School District*, 353 Or 321, 332-33, 297 P3d 1287 (2013); *see* 284 Or App at 352-53 (to the same effect).

discoverable at the time of the property sale" because, on the face of the complaint, nothing showed that the plaintiffs were put on notice of the need to make an inquiry. *Id.* at 361.[9]

We adhere to the analysis required by ORCP 21 A(9) in matters of professional liability where, at times, discovery of a claim may even be more uncertain. In *Guirma v. O'Brien*, 259 Or App 778, 316 P3d 318 (2013), a grandmother retained the defendant, an attorney, to represent her in an effort to adopt her grandchild. The attorney proceeded with the adoption premised upon service of the adoption petition on the birth mother by publication, rather than by personal service. *Id.* at 781. Although the grandmother told the attorney that the birth mother was having regular visits with the child at an agency office and, later, that the birth mother was arrested and in detention, the attorney did not advise the court or amend the pleadings before the adoption was granted. *Id.* at 781-82. In June 2007, the birth mother moved to set aside the adoption based on the irregularities of service and the proceedings. The trial court denied the motion, but the Supreme Court reversed. *Id.* at 782 (*citing J. G. v. N. D. G.*, 348 Or 525, 236 P3d 709 (2010)). Thereafter, the parties settled, setting aside the adoption and allowing the grandmother to retain custody of the child. *Id.* More than three years after the birth mother had moved to set aside the adoption, the grandmother brought a claim for legal malpractice against her attorney for the manner in which the

---

[9] We recognize that some early fraud cases declare facts sufficient to have put plaintiffs on notice to inquire about the falsity of the representations, and, in turn, those facts obligated plaintiffs to plead so as to avoid an assumption that plaintiffs reasonably should have discovered their claims near the time of a transaction or representation—a time outside the statute of limitations. *See, e.g., Heard v. Coffey*, 218 Or 275, 280, 344 P2d 751 (1959) (although the plaintiff did not actually discover the falsity of the agents' representations about her policy until her disability claim, the court noted that she possessed her policy from the outset); *Huycke v. Latourette*, 215 Or 173, 332 P2d 606 (1958) (although the plaintiffs alleged that they did not discover dry rot in their home until well after its purchase, the court found no excuse for their delay in bringing the action). Such cases recite that "a complaint filed after the period provided by statute for the bringing of the action must negative lack of diligence in the discovery of the fraud." *Huycke*, 215 Or at 177; *see Heard*, 218 Or at 281 (same). Because plaintiff's complaint, here, does not require that we reconcile prevailing case law with those statements, we do not attempt the task. *See Doe*, 353 Or at 333; 284 Or App at 352; *see also Bodunov*, 214 Or App at 358-61 (concluding that the complaint did not show that the plaintiffs should reasonably have discovered the claim earlier).

attorney had handled the matter. *Id.* at 783. The trial court dismissed the complaint under ORCP 21 A(9) as untimely under the statute of limitations. *Id.* at 784. The trial court accepted the defendant's argument that the grandmother should have discovered her claim when the birth mother moved to set aside the adoption. *Id.* Given that, the trial court judged the circumstances to require the grandmother to have pleaded more. The trial court observed, "Nothing in the complaint alleges that plaintiff did *not* learn of [birth mother's] motion to set aside the adoption * * * within two years of the date the complaint was filed." *Id.* at 785 (internal quotation marks omitted; emphasis added). We, however, framed the issue differently. We recognized:

> "At the outset, we note that, under [the] standard of review, the question is not whether the facts alleged in [the] plaintiff's complaint established, as a matter of law, that the complaint was timely filed. Rather, it is whether those facts established, as a matter of law, that it was *not* timely filed.

*Id.* at 785 (emphasis in original). We determined that nothing in the complaint compelled the conclusion that the grandmother immediately knew or should have known that her lawyer's advice or steps undertaken were faulty even when challenged. *Id.* at 786-87. The debate about when the grandmother should reasonably have discovered the claim represented a fact question that could not be resolved as a matter of law on a motion to dismiss under ORCP 21 A(9). *Id.* at 787-88.[10]

More commonly, disputes about time limitations under ORCP 21 A(9) are arguments about whether the complaint shows that a plaintiff should have reasonably

---

[10] We concede that, at points in *Guirma* and in other cases, we have slipped into referring to whether the allegations established that the action was *timely*, as opposed to *not untimely*. *Id.* at 780-81 (asking whether complaint affirmatively alleges facts to permit a fact finding that the complaint was filed timely); *see also Sternberg v. Lechman-Su*, 271 Or App 401, 407, 350 P3d 593 (2015) (to the same effect). That slippage, while perhaps imprecise, is not indicative of any uncertainty about the correct legal test but merely a reflection of issues as framed by the circumstances. In most pleading cases involving the discovery rule, the practical reality is that the plaintiff has affirmatively alleged facts relating to the date of discovery and the only issue in dispute is what inferences reasonably can be drawn from the plaintiff's allegations with regard to timeliness.

discovered the claim at an earlier date, given the allegations of wrongdoing and allegations of delayed discovery. In *Doe v. Lake Oswego School District*, 353 Or 321, 297 P3d 1287 (2013), the plaintiffs brought an action for sexual battery against a school district as the employer of a fifth-grade teacher. They alleged that, between 1968 and 1984, the teacher touched them inappropriately and that they did not comprehend the abusive nature of the contacts until variously between November 2006 and March 2008. *Id.* at 323-24. They filed their action in February 2008. *Id.* at 324. The defendant argued that, from the face of the complaint, the latest contact had been in 1984 and that the claims were time-barred. *Id.* at 326. The trial court concluded that any fifth-grader should have known that sexual touching was wrong and therefore the plaintiffs would be deemed to have discovered the claims at times outside the statute of limitations. *Id.* The Supreme Court, however, concluded that whether the plaintiffs, as fifth-graders, should have recognized the offensive or harmful nature of the contact was a fact question that could not be resolved as a matter of law under ORCP 21 A(9). *Id.* at 334-35. Consequently, dismissal under ORCP 21 A(9) was error, and the judgment was reversed. *Id.* at 337.

In light of these cases, plaintiff is correct that it is his responsibility to state facts sufficient to constitute a claim, ORCP 18 A, that it is defendants' responsibility to plead or assert an affirmative defense of limitations, ORCP 19 B or ORCP 21 A(9), and that, ordinarily when stating a claim, his "complaint does not have to show that the action *is* timely." *Munsey*, 85 Or App at 399 (emphasis in original); *see also Hewitt*, 210 Or at 275-76. To resist a motion to dismiss, it is enough if his complaint does not show itself to be untimely. *Id.* When the question is framed properly, we agree with plaintiff that nothing in the operative complaint shows that plaintiff discovered or reasonably should have discovered Ismail's and SPA's role in his injury more than two years before he amended the complaint to add them as defendants. There are several reasons.

First, the allegations do not establish when plaintiff discovered, or should have discovered, that he suffered CPM,

the cause of that harm, or that negligence was involved. Although the complaint provides the dates when plaintiff's blood was tested and when he received serum sodium infusions, the complaint does not indicate that the harm necessarily occurred or its cause was reasonably known, immediately on the dates of treatment. As the Supreme Court has observed, "A reasonable person that experiences symptoms that are incidental to a particular medical procedure may not be aware that he or she has been a victim of tortious conduct." *Gaston*, 318 Or at 256-57; *Frohs v. Greene*, 253 Or 1, 7, 452 P2d 564 (1969) (adverse effects would not necessarily put the plaintiff on notice of tortious conduct by the defendant). In holding that the discovery rule applied to medical malpractice actions, the court explained:

> "We do not believe the legislature intended to limit patients asserting malpractice claims, who by the very nature of the treatment had no way of immediately ascertaining their injury, to the same overall period of time that is allowed for bringing other tort claims that are normally immediately ascertainable upon commission of the wrong. The protection of the medical profession from stale claims does not require such a harsh rule."

*Berry v. Branner*, 245 Or 307, 312, 421 P2d 996 (1966). Those observations are no less true here. The complaint does not show when plaintiff reasonably discovered the first elements of a claim.

Second, the complaint does not allege facts regarding when plaintiff discovered, or should have discovered, Ismail's and SPA's role in causing his harm. The complaint only alleges that Dr. Ismail's negligent actions occurred on August 19 and 20, 2011. The complaint does not allege that plaintiff discovered defendants' causal role at that time or at any other time more than two years before filing the third amended complaint. *See T. R. v. Boy Scouts of America*, 344 Or 282, 293, 181 P3d 758 (2008) ("Depending on the facts of the particular case, a reasonable person who knows the identity of the tortfeasor who was the immediate physical cause of his or her injury may or may not be alerted to the possible existence of other tortfeasors.").

Third, the complaint does not show, as defendants argue, that SPA should sooner have been discovered as a defendant, inasmuch as Johnson was a defendant in the original complaint. We cannot accept defendants' argument that the relationship between SPA and Johnson was "inherently discoverable" based on a "casual internet search" of the SPA website. Nor can we accept that the relationship was "inherently discoverable" because plaintiff's early return of service on Johnson indicated that he had been served at the SPA offices. True or not, those things do not follow from facts alleged in the complaint. We reiterate that a court's review of a motion to dismiss under ORCP 21 A(9) is restricted to the face of the complaint. This was not a motion for summary judgment. Therefore, we cannot consider whether plaintiff should have had earlier knowledge of SPA's relationship to Johnson; and we do not consider what can be gleaned from extraneous sources about him. *Bodunov*, 214 Or App at 361 (evaluating the "face of the complaint" and rejecting argument that facts were "inherently discoverable"). The complaint indicates that plaintiff's treatment was provided by multiple defendants and that it occurred within Salem Hospital, not within SPA's medical offices. *See T. R.*, 344 Or at 293 (identity of defendant not reasonably known).

This case is distinguishable from *Gehrke v. CrafCo, Inc.*, 143 Or App 517, 522-23, 923 P2d 1333 (1996), *rev den*, 324 Or 560 (1997), on which defendants rely. In that case, we held that the identity of the owner of the store where the plaintiff slipped and fell was "inherently discoverable." *Id.* at 524. We explained later that "the plaintiff, at the time of her injury, knew the identity of the tortfeasor—the store—and simply did not exercise reasonable diligence in nailing down accurately the identity of the store's owner." *Cole v. Sunnyside Marketplace, LLC*, 212 Or App 509, 521, 160 P3d 1 (2007), *rev den*, 344 Or 558 (2008). Here, identifying the tortfeasor was not as obvious as knowing the location where a fall occurred. As this complaint demonstrates, medical care may involve multiple care providers at various locations; they may come and go as shifts change, medical conditions arise, and circumstances require. The relationships among medical providers are not readily apparent to

the patient. That which might be "inherently discoverable" in another case does not serve to prevent the application of the discovery rule in this case.

In sum, the complaint does not establish, on its face, that plaintiff discovered or reasonably should have discovered his injury, its tortious cause, and those persons who may be responsible, more than two years before commencing this action. Because the complaint does not show that the statute of limitations had run, plaintiff was not required to have pleaded delayed discovery to avoid an assumption that it had run. We conclude that the trial court erred in granting defendants' motion to dismiss. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.